IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BELINDA CHAPA | § | |
| | § | |
| Complainant | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:19-cv-00169 |
| | § | |
| HOME DEPOT U.S.A., INC. | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant | § | |

## ORIGINAL COMPLAINT

COMES NOW, Complainant, Belinda Chapa, and files this action against Defendant, Home Depot, U.S.A. and alleges as follows:

### 1.0   INTRODUCTION

1.1   This is a premises liability cause of action arising from severe injuries Complainant, Belinda Chapa, suffered due to Defendant's negligent activity at Home Depot Store Number 6564, in Nueces County, Texas, on or about July 8, 2017.

### 2.0   PARTIES

2.1   Complainant, Belinda Chapa, is a resident of Alice, Jim Wells County, Texas.

2.2   Defendant, Home Depot U.S.A., Inc., is a Delaware Corporation with its principal place of business in Atlanta, Georgia, and may be served with citation through its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

### 3.0   JURISDICTION

3.1   This Court has original jurisdiction of this action under 28 U.S.C., § 1332.

3.2    Defendant, Home Depot U.S.A., Inc. ("Home Depot"), is a Delaware corporation with its principal place of business in some state other than Texas, thereby creating a diversity of citizenship between Complainant and Defendant.

3.3    The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

**4.0    VENUE**

4.1    The United States District Court, Southern District of Texas, Corpus Christi Division, maintains jurisdiction over the following Texas counties: Aransas, Bee, Brooks, Duval, Jim Wells, Kenedy, Kleberg, Live Oak, Nueces and San Patricio.

4.2    Venue is proper in the United States District Court, Southern District of Texas, Corpus Christi Division because a substantial part of the events giving rise to the claim made the basis of this cause of action occurred in Nueces, County, Texas, which lies in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(2).

**5.0    FACTS**

5.1    On Saturday, July 8, 2017, at approximately 12:00 p.m., Belinda Chapa ("Ms. Chapa"), went to the Home Depot Store No. 6564, located in Corpus Christi, Nueces County, Texas, to shop for goods. At that same time, a Home Depot employee, who is believed to be named, "Myrissa," was transporting items loaded onto a Milwaukee steel platform truck inside the Home Depot Store. The platform truck was loaded with items that included a 9.5-foot Ryobi Pole Saw that weighed approximately 8.6 lbs. The Ryobi pole saw was out of its original packaging and the Home Depot employee transported the pole saw in a standing/vertical position, lodged into an opening of a 'microwave oven' frame. ***See Exhibit A attached hereto, which is a post-incident***

*photograph depicting the load of merchandise "Myrissa" was transporting when the incident occurred.*

5.2     During the process of pulling the loaded platform truck through aisle no. 1, "Myrissa" lost control of the Ryobi pole saw.  The top end of the Ryobi pole saw suddenly and unexpectedly fell rapidly towards the floor, and, within a matter of milliseconds, the top end of the 9.5-inch, 8.6 lb. pole saw violently slammed onto the right side of Ms. Chapa's head.  The impact from the pole saw striking Ms. Chapa's head caused a loud "smack" sound. At the time of the impact, Ms. Chapa, her fiancé, Mr. Efrain Ramirez, and a family friend, Mr. Rudy Estringel, were standing in the interior of aisle no. 1 looking at barbeque pits on display.

5.3     Prior to the incident, Ms. Kristian Browning, Ms. Chapa's daughter, was standing in the middle of the aisle when "Myrissa" moved the loaded platform truck toward her.  Ms. Browning saw "Myrissa" pulling the platform cart with her right hand and looking down at a cell phone that "Myrissa" was holding with her left hand. "Myrissa" was clearly distracted by her cell phone use and almost struck Ms. Browning with the moving platform truck.  A second later, Ms. Browning heard the pole saw fall and strike Ms. Chapa on the head.

5.4     Ms. Chapa briefly lost consciousness after the pole saw crashed into her head.  Thankfully, Mr. Ramirez, was standing next to Ms. Chapa and was able to catch her to prevent her from falling to the ground.  Ms. Chapa experienced a "burning sensation and stinging pain" in head.  A Home Depot manager-on-duty escorted Ms. Chapa to a back room where he had Ms. Chapa provide a written customer incident statement.  He also gave her some water while she prepared her statement of the incident.  Mr. Ramirez and Ms. Browning also filled out witness statements about the incident.

5.5     Afterwards, Ms. Chapa was immediately taken to Physicians Premier Emergency in Corpus Christi, Texas, where she was treated for a head injury.  The injuries and consequences include, but are not limited to: traumatic brain injury, loss of memory, forgetfulness, dizziness, difficulty "finding words", emotional instability and head pain.  Since the event, Ms. Chapa's diminished executive skills and cognitive abilities have impaired her ability to live her life as she knew it before her traumatic brain injury.

5.6     At the time of the incident, Ms. Chapa was a well-respected nurse in Alice, Jim Wells County, Texas.  Due to the consequences of her traumatic brain injury, Ms. Chapa could not function as an effective nurse and has been unable to return to the nursing profession.

5.7     The serious injuries and damages suffered by Ms. Chapa as a result of this incident were proximately caused by the negligence of Home Depot and its employee(s) as set forth herein.

**6.0     CAUSE OF ACTION**

  **a.     Vicarious Liability**

6.1     Home Depot was the employer of the employee who was transporting the pole saw that fell and struck Ms. Chapa on the head.  The employee was acting in the course and scope of her employment with, on behalf of, and in furtherance of Home Depot's business at the time of the incident.  Home Depot is vicariously liable in this cause of action, as a matter of law, for any and all negligence of their employee, pursuant to the doctrine of *respondeat superior* under Texas law.

  **b.     Negligence**

6.2     Home Depot owned, possessed, and/or controlled the premises at 13202 Leopard Street, Corpus Christi, Texas, 78410, in Nueces County, Texas, where the incident made the basis of this cause of action occurred.

6.3     Ms. Chapa was an invitee on July 8, 2017, when Ms. Chapa entered Home Depot's premises at Home Depot's invitation for their mutual economic benefit.

6.4     Home Depot also owed a duty of ordinary care to Ms. Chapa and other customers to undertake its business activities within the store in a safe manner.  Home Depot also owed a duty of ordinary care to Ms. Chapa and other customers to properly hire, train and supervise its employees to undertake work activities and duties in a safe manner.  This included those employees tasked with transporting merchandise within its store on July 8, 2017.

6.5     Home Depot directly breached its duty of ordinary care to Ms. Chapa through the following acts and/or omissions:

   a. Failing to establish policies and procedures for the safe transport of merchandise inside the store;

   b. Failing to properly hire, train and/or supervise employees tasked with safely securing and transporting merchandise within its store on July 8, 2017;

   c. Failing to properly train and/or supervise its employees on safety while working around customers;

   d. Failing to properly train and/or supervise employees to ensure that items in transport within the customer areas are safely secured to prevent struck-by or caught-between hazards;

   e. Failing to protect customers and other employees from struck-by hazards;

   f. Undertaking an activity that created a hazard for customers and other employees;

   g. Directing and/or performing work in an unsafe manner that subjected customers to an unreasonable risk of harm;

   h. Failing to provide employees with proper equipment to safely perform work activities; and

   i. Allowing employees to use their cellular phone devices while performing work activities.

6.6   Home Depot's employee, "Myrissa," breached the same duties owed to Ms. Chapa by:

   a.   Failing to use safe means and methods to transport the subject 9.5-foot, 8.6 lb. Ryobi Pole Saw within Home Depot's store to prevent injury to customers and/or other employees;

   b.   If policies and procedures were established for the safe transport of merchandise inside the store, failing to follow the established policies and procedures for the safe transport of merchandise; and

   c.   Choosing to move an unstable and unsecured load of merchandise in a location already occupied by customers;

   d.   Failing to wait until customers left the aisle to transport merchandise;

   e.   Failing to close the aisle so that she could restock items; and

   f.   Failing to use proper equipment to ensure safe performance of work activities.

6.7   The incident was foreseeable to Home Depot and its employee, particularly because the load was unstable and unsecured. As depicted in **Exhibit A** attached hereto, the load of merchandise included an unknown item enclosed in a large card board box, a microwave oven (out of its original box), a display box of water hose nozzles, two empty Ryobi Pole Saw boxes, and a fully assembled 9.5-foot, 8.6 lb. Ryobi Pole Saw. The mere size and weight of the assembled Ryobi Pole Saw - if carried by hand - did not allow any margin for error – much less if handled or transported improperly as part of an unsecure load.

6.8   Home Depot and its employee's negligence was a proximate cause of Ms. Chapa's injuries and damages as set forth herein.

## 7.0   DAMAGES

7.1   As a result of Defendant, Home Depot's negligence, Complainant, Belinda Chapa, suffered the following damages:

    a.    Medical expenses in the past;

    b.    Medical expenses that, in reasonable probability, she will suffer in the future;

    c.    Loss of earning capacity in the past;

    d.    Loss of earning capacity that, in reasonable probability, she will suffer in the future;

    e.    Physical impairment in the past;

    f.    Physical impairment that, in reasonable probability, she will suffer in the future;

    g.    Mental impairment in the past;

    h.    Mental impairment that, in reasonable probability, she will suffer in the future;

    i.    Pain and suffering in the past;

    j.    Pain and suffering that, in reasonable probability, she will suffer in the future;

    k.    Mental anguish in the past; and

    l.    Mental anguish, that in reasonable probability, she will suffer in the future.

## 8.0    JURY TRIAL

8.1    Complainant hereby requests a trial by jury, pursuant to the United States Constitution 7th Amendment.

## 9.0    PRAYER

9.1    WHEREFORE, PREMISES CONSIDERED, Complainant respectfully requests that Defendant be served with citation and after a jury trial herein, Complainant has and recovers against Defendant the following relief:

    a.    Judgment against Defendant for all of Complainant's actual damages as determined by the evidence;

    b.    Pre-judgment and post-judgment interest as provided by law;

c. Costs of court as provided by law; and

d. Such other relief to which Complainant may be entitled.

Respectfully submitted,

**ERSKINE & BLACKBURN, L.L.P.**

By: /s/ Blake C. Erskine, Jr.
BLAKE C. ERSKINE, JR.
Federal Bar No. 27042
State Bar of Texas No. 00786383
Email: berskine@erskine-blackburn.com

CHARLIE GARCIA
State Bar of Texas No. 24069755
Email: cgarcia@erskine-blackburn.com

TIMOTHY B. MOSS
State Bar of Texas No. 24070304
Email: tmoss@erskine-blackburn.com

6618 Sitio del Rio Blvd., Building C-101
Austin, Texas  78730
Telephone (512) 684-8900
Facsimile (512) 684-8920

**ATTORNEYS FOR COMPLAINANT**